UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARJOT KHALSA, | Case No.: 5:13-cv-03575-PSG |
| Plaintiff, | **ORDER RE: MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS FOR LACK OF JURISDICTION** |
| v. | |
| SUNIL HALI and CINEMAYA MEDIA, INC., | |
| Defendants. | **(Re: Docket Nos. 12 and 16)** |

In the seminal Punjabi film *Nanak Nam Jahaz Hai*, a business comes under stress as its owner struggles to balance his wife's jealous ambitions with his loyalty to family and religious devotion. In this case, Punjabi film, and more generally Punjabi broadcasting, is the business under stress.

Plaintiff Harjot Khalsa claims that Defendants Sunil Hali and Cinemaya Media, Inc. misled him into investing $100,000 in an ill-fated venture to bring Punjabi broadcasting to the American market. The merits of this claim are not presently before the court. What is before the court are more fundamental questions presented by way of Defendants' motion to set aside and motion to dismiss. First, is Khalsa entitled to a default he secured after Defendants failed to file a timely response to the complaint? Second, are Defendants even subject to Khalsa's claims in this jurisdiction and in light of the statutes of limitation that apply to those claims?

After considering the parties' arguments in their papers, and those presented at a hearing on the matter, the court concludes that the answers to these questions are mixed. The court therefore GRANTS Defendants' motion to set aside the default and GRANTS Defendants' motion to dismiss for lack of jurisdiction and failure to seek relief within the statute of limitations, but only IN PART.

In the interests of expediency the court refrains from a lengthy recitation of the background of this dispute and turns directly to the motions.

## I. LEGAL STANDARDS

**A.    Default**

The Federal Rules of Civil Procedure provide that a "court may set aside an entry of default for good cause."[1]  "Courts apply the same test to evaluate motions to set aside an entry of default under Rule 55(c) as applied to motions to set aside default judgment under Rule 60(b)."[2] "However, because a Rule 55(c) motion presents no concern about disturbing the finality of a judgment, the test is applied more liberally in cases where default judgment has not been entered."[3]

"To determine whether good cause exists to set aside entry of default, the court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default (or in this case, setting aside entry of default) would prejudice the plaintiff."[4]  The standard is disjunctive, such that a finding of any one factor may be sufficient reason for the district court to refuse to set aside the

---

[1] Fed. R. Civ. P. 55(c).

[2] *Vann v. Aurora Loan Servs. LLC*, Case No.: 5:10-cv-04736-LHK, 2011 WL 1002093, at *2 (N.D. Cal. Mar. 21, 2011) (citing *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010)).

[3] *Id.* (citing *Mesle*, 615 F.3d at 1091 n.1).

[4] *Id.* (citing *Mesle*, 615 F.3d at 1091); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

default.[5] The party moving to set aside the entry of default bears the burden of demonstrating that these factors favor setting aside the default.[6] "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'"[7] Accordingly, "where there has been no merits decision, appropriate exercise of district court discretion" requires "that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute."[8]

### B. Personal Jurisdiction

"In a motion challenging personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists."[9] Where, as here, the court has not conducted an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdictional facts."[10] At this stage of the proceeding, uncontroverted facts contained in the complaint are taken as true, and conflicts "between parties over statements contained in affidavits must be resolved in the plaintiff's favor."[11]

"Where, as here, there is no federal statute that governs personal jurisdiction, the Court must apply the law of the state in which it sits."[12] In this case, because "California's long-arm

---

[5] *See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

[6] *TCI Group*, 244 F.3d at 696.

[7] *Mesle*, 615 F.3d at 1091 (*quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

[8] *TCI Group*, 244 F.3d at 696.

[9] *Rupert v. Bond*, Case No. 5:12-cv-05292-LHK, 2013 WL 5272462, at *4 (N.D. Cal. Sept. 17, 2013) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

[10] *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

[11] *Schwarzenegger*, 374 F.3d at 800.

3
Case No.: 5:13-cv-03575-PSG
ORDER RE: MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS FOR LACK OF JURISDICTION

jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."[13]  That is, for this court to exercise personal jurisdiction over Defendants, each "must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"[14]  "A federal court may exercise either general or specific jurisdiction over a non-resident defendant."[15]  General jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum state such that the defendant may be "haled into court in the forum state to answer for any of its activities anywhere in the world."[16]  "Specific jurisdiction is more limited in scope and can be exercised where the defendant has sufficient minimum contacts with the forum state, and the plaintiff's claims arise out of those contacts."[17]

## C.    Subject Matter Jurisdiction

28 U.S.C. § 1332(a) grants jurisdiction to federal district courts only where "where the matter in controversy exceeds the sum or value of $75,000," exclusive of interest and costs.  "The plaintiff has the burden to establish that subject matter jurisdiction is proper."[18]

---

[12] *Richmond Technologies, Inc. v. Aumtech Bus. Solutions*, Case No. 5:11-cv-02460-LHK, 2011 WL 2607158, at *4 (N.D. Cal. July 1, 2011) (citing *Schwarzenegger*, 374 F.3d at 800).

[13] *Schwarzenegger*, 374 F.3d at 800-01.

[14] *Id.* at 801 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[15] *Aumtech Bus*, 2011 WL 2607158, at *4.

[16] *Schwarzenegger*, 374 F.3d at 801.

[17] *Aumtech Bus*, 2011 WL 2607158, at *4 (citing *Schwarzenegger*, 374 F.3d at 801-02).

[18] *Plante v. United States*, Case No.: 5:09-cv-01217-H-POR, 2009 WL 2045692, at *1 (S.D. Cal. July 8, 2009) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

## II. ANALYSIS

### A. Motion to Set Aside Default Judgment

Because "judgment by default is a drastic step appropriate only in extreme circumstances" this court is inclined to hear this case on its merits. Regarding the three pertinent factors, to mitigate any prejudice, Defendants are ordered to pay $1,426 for the fees incurred by Khalsa up until the moment that Hali contacted Khalsa regarding this lawsuit on September 30, 2013.[19] While culpable to a degree in the default entered against him, Hali was not entirely culpable in that he was acting on his own during this period and unfamiliar with the legal system.[20] As to meritorious nature of Defendants' defenses, as set forth below, Defendants have identified several issues worthy of a substantive decision.

### B. Motion to Dismiss For Lack of Personal Jurisdiction

#### 1. Cinemaya

Defendants argue that Cinemaya is a New York-based corporation that has not directed any continuous and systematic business activities towards California and therefore could not have reasonably anticipated being hauled into court in San Jose. The exercise of specific jurisdiction over Cinemaya is not warranted in this case because Khalsa has not pointed to specific corporate activities giving rise to this litigation.

---

[19] *See* Docket No. 20 at 7 ("Plaintiff respectfully requests an order that he be compensated for the attorney's fees incurred in preparing the defaults and default judgment, which fees total $1426.00); *see also* Docket No. 20-1 at ¶¶ 5-6 ("This Court entered the default of Defendants on September 6, 2013. I spent a total of 0.6 hours (equaling $186 in attorney's fees) in preparing Plaintiff's request for default and declaration in support thereof. Between September 6, 2013 and September 18, 2013, I spent a total of four (4) hours (equaling $1,240 in attorney's fees) in preparing Plaintiff's application for default judgment, including drafting multiple declarations in support thereof, conferring with Plaintiff and potential witness, and reviewing and selecting documents in support thereof."); *cf. Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) (citing 10 Wright, Fed. Pract. and Proc. §§ 2699 and 2700) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead.").

[20] *See Vann*, 2011 WL 1002093 at *2-3 (suggesting that parties who are "not represented by counsel" or otherwise "legally sophisticated" must act intentionally to be culpable for the purposes of a motion to set aside a default).

5
Case No.: 5:13-cv-03575-PSG
ORDER RE: MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS FOR LACK OF JURISDICTION

Khalsa responds that the court should exercise personal jurisdiction over Cinemaya for two reasons. First, Cinemaya is Hali's alter ego and because the court may exercise jurisdiction over Hali, it follows that the court may exercise jurisdiction over Cinemaya.[21] Second, as revealed by a captured website screenshot, Cinemaya actively conducted business out of an office here in California.[22]

In addition to disputing Khalsa's alter ego theory as unsubstantiated, Defendants reply that the website screenshot Khalsa proffers is irrelevant. In particular, Defendants argue that Exhibit E lists a webpage "for a recently shut-down website" for "Cinemaya Media Group" but "the defendant here is 'Cinemaya Media, Inc.,' an unrelated and distinct entity."[23]

On balance, Khalsa has the better of this argument. Even if the screenshot is for a different Cinemaya entity, other evidence supporting personal jurisdiction remains uncontroverted. For example, the LinkedIn company profile submitted by Khalsa describes the Cinemaya Media, Inc. as having "offices in New York, New Jersey, California, Toronto, Mumbai, New Delhi, and Hyderabad."[24] And so even if Khalsa's alter ego theory ultimately flounders, in light of the remaining undisputed evidence Cinemaya operated an office in California, this court finds a suitable basis to assert personal jurisdiction over Cinemaya.

### 2. Hali

Defendants argue that this court should dismiss this case for lack of personal jurisdiction

---

[21] *See* Docket No. 20 at 10.

[22] *See* Docket No. 20-1 at ¶¶ 9-10, Exs. D, E, and F ("Before filing the herein Complaint, I personally accessed Cinemaya's website and verified that Cinemaya, in fact, had an office in California. The website showed an office location in Fremont, California. When I attempted to visit the same website after Defendants' filing of the motion, the website was offline.");
Docket No. 20-2 at ¶ 4 ("During the times relevant herein, Sunil Hali and Cinemaya Media had an office in Fremont, California."); Docket No. 20-3 at ¶ 7 ("During the times relevant herein, Sunil Hali and Cinemaya Media had an office in Fremont, California.").

[23] Docket No. 22 at 3.

[24] See Docket No. 20-1, Ex. E.

because there "are simply no allegations whatsoever in Khalsa's Complaint that any activities were directed at California" or that Hali "got the benefit of California law."[25]

Khalsa disagrees. The complaint alleges conduct by Hali that occurred in California and formed the basis for Plaintiff's claims. For example, Hali and Plaintiff met in San Jose in or around April 2006, where Hali pitched the idea to Plaintiff of entering into a business relationship.[26] "In addition, Hali's misrepresentation, i.e., that Defendants had already secured all necessary broadcasting rights," forms "the basis for Plaintiff's fraud cause of action in the complaint was made in San Jose, California."[27] "Moreover, the parties signed the agreement relating to PMI in Milpitas, California."[28] Thus, Defendants' argument that any purposeful direction was directed at a third-party entity misses the point. In Khalsa's view, Defendants should have reasonably anticipated facing litigation in California at least on the basis "that Hali while physically being in California, deliberately made false representation to a California resident and thereafter lured Plaintiff into contributing money, which contributions were all made from California."[29]

Once again, Khalsa has the better of the argument. Because the underlying misrepresentations in this suit purportedly were made in San Jose and the parties signed the PMI Agreement in Milpitas, there is a suitable basis on which to assert personal jurisdiction over Hali.

---

[25] Docket No. 17 at 16.

[26] *See* Docket No. 20 at 9 (citing Docket No. 1 at ¶ 6; Docket No. 20-2 at ¶ 2).

[27] *Id.* (citing Docket No. 1 at ¶ 10; Docket No. 20-2 at ¶ 2).

[28] *Id.* (citing Docket No. 20-2 at ¶ 3; Docket No. 20-3 at ¶ 6).

[29] *Id.*

7
Case No.: 5:13-cv-03575-PSG
ORDER RE: MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS FOR LACK OF JURISDICTION

### C.  Motion to Dismiss For Lack of Subject Matter Jurisdiction

Khalsa's claims arise under state law.  To assert diversity jurisdiction in federal court, Khalsa must therefore allege that the amount-in-controversy exceeds $75,000.  The sum claimed by the Khalsa controls so long as it is made in good faith.  In this case, Khalsa made three payments relevant for the purposes of this motion: (1) "a capital contribution of $40,000.00, made payable to Defendant CMI," (2) "$30,000.00 payment to Defendant CMl," and (3) a "$30,000.00 payment to DD Punjabi."[30]

Defendants argue that the amount-in-controversy requirement is not met, because it is not clear from the complaint that Defendants' purported misrepresentations were made before Khalsa made his initial capital contribution of $40,000 to Cinemaya.  If that $40,000 is excluded, Khalsa does not satisfy the amount-in-controversy requirement and this court must dismiss the case for lack of subject matter jurisdiction.  Defendants separately argue that they must each be on the hook for more than $75,000, and nothing in the complaint suggests that they are jointly liable.

Although a close call, the court is ultimately persuaded that Khalsa has established a sufficient amount-in-controversy.  The complaint alleges that before "entering into a contract with DD Punjabi, Defendant HALI represented to Plaintiff on multiple occasions that Defendant HALI had already or would very soon secure all necessary broadcasting rights in the United States in order to meet the six-month deadline imposed by DD Punjabi.  In fact, Defendant HALI told Plaintiff during a meeting in San Jose, California, that he had already secured all rights and approvals with DirecTV.  Plaintiff believed Defendant HALI's representation to be true because Defendant HALI has experience in the industry and also has a good business relationship with DirecTV in that Defendant HALI, through CMI, does advertising for DirecTV in the Indian

---

[30] Docket No. 1 at ¶¶ 8-12.

8

Case No.: 5:13-cv-03575-PSG
ORDER RE: MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS FOR LACK OF JURISDICTION

market."[31]  Khalsa's allegations are hardly a model of precision as to how much before the DD Punjabi contract Hali made the alleged misrepresentations.  But the allegations do not, as Defendants suggest, clearly exclude initial capital contribution from the damage claimed.  In addition, Khalsa sufficiently alleges that for all purposes related to his claim, Hali and Cinemaya are one and the same.[32]  Because it does not appear to a legal certainty that the amount-in-controversy is not satisfied, dismissal is not warranted.[33]

### D.     Statute of Limitations

"Under California law, a plaintiff who sues for fraud or conversion faces a three-year statute of limitations."[34]  Defendants argue that Khalsa's claims for conversion and fraud are stale, because the three-year statute of limitations period has run.  "Because the Complaint makes clear that this statute of limitations has expired, Plaintiff's claim is time barred and should be dismissed.  Indeed, Plaintiff knew or should have known as of 2007 that broadcast rights for DD Punjabi had not been secured and therefore his claims were ripe as of that time."[35]  Plaintiff was on notice of his injury and had an obligation to prosecute his claim – if he elected to – in a timely manner.

Khalsa responds that it has long been held that the "statute of limitations may not be used to perpetrate a fraud upon otherwise diligent suitors.  Thus if the defendant, by its own wrongdoing, prevents the plaintiff from instituting a suit he may not take advantage of the statute of

---

[31] *Id.* at ¶ 10.

[32] *See* Docket No. 1 at ¶ 7.

[33] *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.  Nor does the fact that the complaint discloses the existence of a valid defense to the claim.") (citations omitted).

[34] *Caroselli v. First Interstate Bank of Denver*, 15 F.3d 1083 (9th Cir. 1993) (citing Cal. Civ. Proc. Code § 338(c)-(d)).

[35] Docket No. 17 at 18.

limitations."[36]  Khalsa further responds that he only came to know the grounds for the conversion claim after a 2012 audit of PMI's funds.

Khalsa is right, but only in part.  "California courts have recognized that, '[a] defendant will be estopped to invoke the statute of limitations where there has been 'some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action.'"[37]  "Ordinarily, 'whether estoppel exists-whether the acts, representations or conduct lulled a party into a sense of security preventing him from instituting proceedings before the running of the statute, and whether the party relied thereon to his prejudice-is a question of fact and not of law.'"[38]  Because Khalsa alleges he relied on assurances made by Defendants in 2008 and 2010 that another deal would be secured or Khalsa would be repaid, dismissal of Khalsa's fraud claim on statute of limitations grounds is not warranted.  Khalsa's conversion claim, however, is another story.  While Khalsa might be able to rely on the 2012 audit if he had standing to pursue the claim, he plainly does not.  In his own complaint, Khalsa states somewhat inconsistently that he either assigned his interest in PMI to a third party, or that he maintains an interest and is also a creditor.  In light of this inconsistency Khalsa's claim is not plausible, especially considering that the entirety of the conversion claim is based on PMI's alleged loss from Hali's retaining the proceeds of PMI's sale.[39]

---

[36] *Snyder v. Boy Scouts of Am.*, 205 Cal. App. 3d 1318, 1323 (1988) (internal citations omitted).

[37] *Universal Paragon Corp. v. Ingersoll-Rand Co.*, Case No.: 3:05-cv-03100-MJJ, 2007 WL 518828, at *10 (N.D. Cal. Feb. 13, 2007) (*quoting Shaffer v. Debbas*, 17 Cal. App. 4th 33, 43 (1993)); *see also Doheny Park Terrce Homeowners' Ass'n, Inc.*, 132 Cal. App. 4th 1076 (2005).

[38] *Id.* (*quoting Shaffer*, 17 Cal. App. 4th at 43).

[39] *See* Docket No. 1 at ¶ 15 ("When PMI lost its contract with DD Punjabi, Plaintiff assigned his ownership interest in PMI to his friend, Jasjeet Singh, whose sole role was to make sure the $100,000 given to Defendant HALI was returned to Plaintiff.  At that time, Harbhajan Singh became a shareholder of PMI, which diluted Plaintiff's ownership percentage."); Docket No. 1 at ¶ 29 ("Plaintiff is an owner and creditor of PMI, and therefore entitled to a proportionate share of proceeds from the sale of PMI."); Docket No. 1 at ¶ 30 ("Defendants sold PMI, without Plaintiff's knowledge and consent, and retained any proceeds from such sale.  In

Although the court has its doubts, because the court cannot say with certainty that an amendment of Khalsa's dismissed conversion claim would be futile, Khalsa may amend that claim. Khalsa shall file any amended complaint consistent with this order no later than January 16, 2014. By that same date, the parties shall file a joint case management statement so that the court may issue a scheduling order without delay.

**IT IS SO ORDERED**

Dated: January 2, 2014

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

---

doing so, Defendants converted the sales proceeds for their own use, without Plaintiff's knowledge or consent.").