UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARJOT SINGH KHALSA,<br><br>            Plaintiff,<br>   v.<br><br>SUNIL HALI and CINEMAYA MEDIA, INC.,<br><br>            Defendants. | Case No. 5:13-cv-03575-PSG<br><br>**ORDER GRANTING-IN-PART KHALSA'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 33)** |

Before the court is Counter-Defendants Harjot Singh Khalsa's motion to dismiss Counterclaimants Sunil Hali and Cinemaya Media, Inc.'s (collectively, "Defendants") counterclaims.[1] Defendants oppose. The parties appeared for a hearing.[2] After considering the arguments, the court GRANTS Khalsa's motion, but only IN-PART as explained below.[3]

## I. LEGAL STANDARDS

**A.      Motion to Dismiss**

A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." If a plaintiff fails to proffer "enough facts to state a claim to relief that is

---

[1] *See* Docket No. 33.

[2] *See* Docket No. 41.

[3] The court dispenses with preliminaries in this case and turns directly to the merits of the dispute. Unfamiliar readers are directed to the court's order addressing the motion to set aside default and motion to dismiss the case for lack of jurisdiction. *See* Docket No. 24.

1
Case No. 5:13-cv-03575-PSG
ORDER GRANTING-IN-PART KHALSA'S MOTION TO DISMISS

plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Dismissal without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."

**B.    Fed. R. Civ. P. 9(b)**

Under Rule 9(b), a plaintiff must state "with particularity the circumstances constituting fraud" which requires "statements regarding the time, place, and nature of the alleged fraudulent activities."[4]  "Mere conclusory allegations of fraud are insufficient."[5]  To satisfy Rule 9(b)'s heightened standard, allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[6]  This includes "the who, what, when, where, and how of the misconduct charged."[7]  A plaintiff also must allege "what is false or misleading about a statement, and why it is false."[8]  "A court may dismiss a claim grounded in fraud when its allegations fail to satisfy [Rule] 9(b)'s heightened pleading requirements."[9]

---

[4] *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).

[5] *Id.*

[6] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[7] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).

[8] *GlenFed*, 42 F.3d at 1548.

[9] *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1064 (E.D. Cal. 2010).

2
Case No. 5:13-cv-03575-PSG
ORDER GRANTING-IN-PART KHALSA'S MOTION TO DISMISS

## II. DISCUSSION

### A.  Defendants' Fraud Claim is Insufficiently Plead

Defendants' fraud counterclaim relies on a vague reference to "an agreement" and "a representation" without identifying with particularity what agreement or representation is being referred to.[10] Because Defendants have not alleged "with particularity the circumstances constituting fraud" and provided detailed "statements regarding the time, place, and nature of the alleged fraudulent" activities, dismissal is warranted.[11] "Mere conclusory allegations of fraud are insufficient."[12] Because the court is not persuaded that leave to amend as to this claim would be futile, leave is granted. Any amended claim shall remedy the defect above by describing with particularity what particular agreement and representations constitute the core of the fraud claim. Any amended claim also shall explain what was false or misleading about the representations made.

### B.  Defendants' Claims for Indemnity and Contribution

In light Defendants' concession that they only seek indemnity from Jasjeet Singh – "a third-party that has yet to appear"[13] – the court dismisses with prejudice the Defendants' claims for indemnity and contribution against Khalsa.

### C.  Dismissal of Defendants' Claim for Declaratory Relief as to Past Conduct of a Tortious Nature is Warranted

Khalsa argues that Defendants has no basis for declaratory relief because Defendants seek "a determination of his rights and duties with respect to a past wrong."[14] Although both sides cite

---

[10] *See* Docket No. 29 at ¶¶ 27.

> HALI and CINEMAYA both were induced to enter into an agreement with SINGH and KHALSA and each of them, with the representations that HALI and CINEMAYA would benefit from the above described agreement.

[11] *In re GlenFed*, 42 F.3d at 1547-48.

[12] *Id.*

[13] *See* Docket No. 38 at 6 (emphasis omitted).

California state law authority, once a case is in federal court on diversity grounds, "whether to grant declaratory relief becomes a procedural matter implicating the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201."[15] "The DJA permits a federal court to 'declare the rights and other legal relations" of parties to "a case of actual controversy.'"[16] "Under the DJA, a two-part test is used to determine whether a declaratory judgment is appropriate.  First, the court must determine if an actual case or controversy exists within the court's jurisdiction.  Second, if so, the court must decide whether to exercise its jurisdiction."[17]

Defendants seek declaratory relief regarding the acts set forth in Khalsa's complaint, covering past conduct of an allegedly tortious nature.  This does not provide an adequate basis to form the basis for a declaratory relief action.  Because no basis for declaratory relief exists where only past wrongs are involved and one single judgment will likely resolve the parties' dispute without any impact on future conduct,[18] and a declaratory relief action is not the proper procedure

---

[14] *Lopez v. GMAC Mortgage Corp.*, Case No. 4:07-cv-03911-CW, 2007 WL 3232448, at *2 (N.D. Cal. Nov. 1, 2007).

[15] *Id.* (citing *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir.1996)).

[16] *Id.* (quoting 28 U.S.C. § 2201) (citing *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986)).  "The 'actual controversy' requirement of the DJA is the same as the 'case or controversy' requirement of Article III of the United States Constitution."  *Id.* (citing *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993)).

[17] *Id.* (citing *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir.2005)).

[18] *Cf. Osseous Technologies of Am., Inc. v. DiscoveryOrtho Partners LLC*, 191 Cal. App. 4th 357, 366 (2010).

> One respected treatise summarizes the law pertaining to this problem as follows: "Declaratory relief operates prospectively, serving to set controversies at rest.  If there is a controversy that calls for a declaration of rights, it is no objection that past wrongs are also to be redressed; but there is no basis for declaratory relief where only past wrongs are involved. Hence, where there is an accrued cause of action for an actual breach of contract or other wrongful act, declaratory relief may be denied."  5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 869, p. 284.
>
> We endorse this summary as far as it goes.

4
Case No. 5:13-cv-03575-PSG
ORDER GRANTING-IN-PART KHALSA'S MOTION TO DISMISS

to determine the sufficiency of a party's legal defenses,[19] dismissal of Defendants' claim is warranted. At bottom, the court is not persuaded that exercising its jurisdiction over the declaratory relief is appropriate: the parties' claims will be resolved through the claims in dispute in the pending litigation. Because the court is convinced that amendment of this claim would be futile, the claim is dismissed with prejudice.

**D.   Khalsa Has No Standing to Move to Dismiss the Libel Claim Targeting Singh**

Because Defendants have not brought any claim for libel against Khalsa,[20] he has no standing to move to dismiss the libel claim against Singh. Any shortcoming with that claim is not his bone to pick. No relief is warranted.

Defendants shall have 21 days to file any amended counterclaims.

**IT IS SO ORDERED.**

Dated: August 6, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[19] *Cf. Sunset Scavenger Corp. v. Oddou*, 11 Cal. App. 2d 92, 96 (1936) ("A declaratory judgment is not a proper mode of determining the sufficiency of legal defenses to a pending action.") (citing *Slowmach Realty Corp. v. Leopold*, 258 N.Y.S. 500 (1932)).

[20] *See* Docket No. 29 ¶¶ 48-58.